FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 28  A 11: 50

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENE CHISOLM, CHARLOTTE JOHNSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | * * * * * | CIVIL ACTION NO. 05-0942 |
| versus | * * | SECTION  F MAG. 4 |
| NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK, ET AL | * * * | MAG. DIV. |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 and further based upon the grounds set forth in this Notice of Removal, defendant National Railroad Passenger Corporation (Amtrak) hereby removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, where it might originally have been brought. In support of Amtrak's removal of this action it respectfully represents:

1. On February 17, 2005 plaintiffs Rene Chisolm and Charlotte Johnson—claiming to be residents and domiciliaries of the State of Tennessee and claiming to have been fare-paying passengers aboard a northbound Amtrak train that collided with a pickup truck in Tangipahoa Parish, Louisiana on February 13, 2005—fax-filed a civil suit styled *"Rene Chisolm, Charlotte Johnson, Individually and on Behalf of Others

Fee $250.—
___ Process___
X  Dktd___
___ CtRmDep___
___ Doc. No.___

*Similarly Situated versus National Railroad Passenger Corporation d/b/a Amtrak, State of Louisiana through the Louisiana Department of Transportation and Development, and John Doe #1,"* No. 2005-000589 on the docket of Division A of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, seeking unspecified monetary damages, individually and for and on behalf of a putative class consisting of the "all persons who were passengers on the Amtrak passenger train departing from New Orleans, Louisiana, at 1:45 p.m. on February 13, 2005 and traveling northbound to Chicago, Illinois," for vaguely alleged, unspecified "bodily injuries" supposedly suffered in the collision.[1]  See ¶¶ 6, 15 and 16 of plaintiffs' "Class Action Petition for Damages." (A complete and legible copy of the said petition is attached as Exhibit A.)

2. As suggested in the caption of the said putative class action petition, plaintiffs named two extant legal entities (Amtrak, a corporate interstate common carrier by railroad chartered by Act of Congress, having more than fifty (50%) percent of its capital stock owned by the United States of America through the United States Department of Transportation, and with its principal business offices in the District of Columbia; and the State of Louisiana through the Department of Transportation and Development—an agency of the State of Louisiana) and one fictitious individual (John Doe #1) as defendant parties,[2] alleging various acts and omissions which plaintiffs contend caused or contributed to the February 13, 2005 train/pick up truck collision.  *See* Exhibit A, ¶¶ 3, 4, 5, 18, 21 and 22.

---

[1] The suit was subsequently filed in "hard copy" on February 24, 2005.

[2] As a non-existent fictitious individual neither amenable to suit nor servable with process, "John Doe #1" is permissibly ignored in the Notice of Removal.

3. As of the date of filing of this notice of removal Amtrak has not been served with citation and petition. Amtrak first became aware of the pendency of the 21st Judicial District Court putative class action on March 15, 2005, when it was apprised of the pending action by its undersigned counsel. The LaDOTD first became aware of the pendency of the said putative class action on March 3, 2005, when it was served with citation and petition. A complete and legible copy of the state court service return, evidencing service of process on the LaDOTD is attached hereto as Exhibit B.

4. This Honorable Court has subject matter jurisdiction over the claims and demands asserted against Amtrak pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) by virtue of 28 U.S.C § 1349, because Amtrak is federally chartered and because more than half of Amtrak's capital stock is owned by the United States of America. Pursuant to 28 U.S.C. § 1367(a), this Honorable Court has subject matter jurisdiction over the claims and demands plaintiffs assert against the LaDOTD, since those claims and demands are so related to the claims and demands that plaintiffs assert against Amtrak that they form part of the same case and controversy.

5. The time for removal of this action has not expired, since neither defendant was served with citation and petition more than thirty (30) days prior to the filing of this Notice of Removal.

6. Since the action is not being removed on diversity of citizenship grounds (28 U.S.C. § 1332), the citizenship of the parties and the amount in controversy in this action are irrelevant for removal purposes.

7. The provisions of 28 U.S.C. § 1441(a) and the fact that LaDOTD has been served with process in the pending state court action notwithstanding, because there is

no factual or legal basis upon which plaintiffs can state a valid cause of action against LaDOTD, it is not and was not necessary for LaDOTD to consent to the removal of this action. The collision at issue occurred at the intersection of a single mainline railroad track and a municipal road not constituting part of the Louisiana State Highway system. LaDOTD is not liable or responsible to regulate traffic on or to design, construct, repair and/or maintain parish and municipal roads within Louisiana that are not part and parcel of state highway system.[3] Therefore, LaDOTD has been fraudulently joined in plaintiffs' suit in an effort to destroy this court's removal jurisdiction, and its lack of consent to the removal can and should be ignored for the purpose of determining the validity of Amtrak's removal of their action. See, e.g., *Johnson v. Scimed, Inc.*, 92 F. Supp. 2d 587 (W.D. La. 2000); *Smith v. Summers*, 97-2702, 1997 WL 204972 (E.D. La. Apr. 24, 1998).

8. Pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 *et seq.*, and without prejudice to any defenses it may have to plaintiffs' claims, both individually and as self-appointed representatives for and on behalf of a class of similarly situated persons, Amtrak lawfully and permissibly files this Notice of Removal without securing the consent of its codefendant LaDOTD because that defendant was fraudulently joined in this action solely for the purpose of defeating this Court's removal jurisdiction. *Cf Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990).

---

[3] While the LaDOTD is the agency within Louisiana charged with the responsibility of administering the Congressionally funded 23 U.S.C § 130 Highway-Rail Crossing Safety Act crossing safety improvement program, its obligations thereunder vis-à-vis off-system roads are *discretionary functions* for which delictual or quasi-delictual liability does not and cannot attach as a matter of controlling Louisiana tort law. See La. R.S. 9:2798.1.

9. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal with the Clerk of this Court, certified copies of this Notice of Removal (excluding the attached state court pleadings which constitute Exhibits to it) will be filed with the Clerk of the Court for Tangipahoa Parish, State of Louisiana, and will be served upon counsel for the Plaintiffs in the removed action.

10. Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

WHEREFORE, defendant National Railroad Passenger Corporation (Amtrak), hereby removes proceeding no. 2005-000589(A) from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to this Honorable Court, where it might originally have been brought, for further proceedings in accordance with law.

| | |
|---|---|
| LEMLE & KELLER, L.L.P. | DAVID S. KELLY (#7703) |
| Of Counsel | TIMOTHY F. DANIELS (#16878) |
| | NICOLE M. DUARTE (#22507) |
| | 21st Floor, Pan-American Life Center |
| | 601 Poydras Street |
| | New Orleans, Louisiana 70130 |
| | Telephone: (504) 586-1241 |
| | Attorneys for Defendant, National |
| | Railroad Passenger Corporation |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon all parties to this action by depositing same in the United States mail, first-class postage pre-paid, on this 28th day of March 2005.

_____

560111

**FAX FILED**

Feb 17 2005

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

DOCKET NO. 2005-000589                                                    DIVISION A

RENE CHISOLM, CHARLOTTE JOHNSON
INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED

VERSUS

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a/ AMTRAK, STATE OF
LOUISIANA THROUGH THE LOUISIANA DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT, AND JOHN DOE #1

FILED: February 24 2005                                          _____
                                                                        DEPUTY CLERK

**CLASS ACTION PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs Rene Chisolm and Charlotte Johnson, individually and on behalf of other similarly situated, complaining of Defendants and states as follows:

**PARTIES**

1.

Plaintiff Rene Chisolm is an adult person residing in Dyersburg, Tennessee. Plaintiff brings this case individually and on behalf of all person who were passengers on the AMTRAK passenger train departing from New Orleans, Louisiana at 1:45 pm on February 13, 2005 and traveling northbound to Chicago, Illinois.

2.

Plaintiff Charlotte Johnson is an adult person residing in Dyersburg, Tennessee. Plaintiff brings this case individually and on behalf of all person who were passengers on the AMTRAK passenger train departing from New Orleans, Louisiana at 1:45 pm on February 13, 2005 and traveling northbound to Chicago, Illinois.

3.

Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK") is a corporation organized and existing under the laws of a state other than



**SCANNED**

Louisiana. Upon information and belief, AMTRAK was, at all times relevant, properly registered to do business and doing business in the State of Louisiana.

4.

Defendant LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT is a political subdivision of the State of Louisiana.

5.

Defendant JOHN DOE #1 was, at all relevant times, the engineer of the AMTRAK passenger train departing from New Orleans, Louisiana at 1:45 pm on February 13, 2005 and traveling northbound to Chicago, Illinois.

### CLASS ACTION ALLEGATIONS

6.

Plaintiff brings this action as a class action pursuant L.C.C.P. Art. 591 et. seq. on behalf of a Class defined as:

> all persons who were passengers on the Amtrak passenger train departing from New Orleans, Louisiana at 1:45 pm on February 13, 2005 and traveling northbound to Chicago, Illinois.

7.

The members of the Class are so numerous and so geographically dispersed throughout the United States that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

8.

There is a well-defined community of interest in the questions of law and fact involved in this case. The questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include the following:

a.) the liability of a carrier to its patrons;

b.) whether the train was traveling at an excessive speed;

c.) whether Defendants complied with LSA-R.S. 32:168 to 176, which codifies Louisiana's statutory requirements for railroad crossings, including, but not limited to Louisiana's requirement that the train provided an audible warning before crossing

2

      roads such as Louisiana Highway 51 and Louisiana's statutory requirements for erecting and maintaining "Railroad Crossing Buck" signs, signal devices, crossing gates, and/or other warning devices;

d.) whether the Defendants properly maintained the railroad track so as to provide a safe crossing with an unobstructed line of sight;

e.) whether the Defendants properly maintained Louisiana Highway 51 so as to provide a safe road with an unobstructed line of sight; and

f.) whether the intersection of the railroad track and Louisiana Highway 51 was a "dangerous trap."

9.

Plaintiffs Rene Chisolm and Charlotte Johnson's claims are typical of those of the Class because the wrongs suffered and the remedies sought by the Plaintiff and the other Class members are identical.

10.

Plaintiff will fairly and adequately assert, represent, and protect the interests of the Class and has retained counsel who are experienced in class action litigation. Neither Plaintiff nor counsel has any interest that might prevent them from actively and vigorously pursuing this action. Plaintiff's interests are not antagonistic to those of the other Class members and are antagonistic to the interests of Defendants.

11.

The prosecution of separate actions by individual Class members would create a risk of:

    (a)    inconsistent or varying adjudications for individual Class members, which would establish incompatible standards of conduct for Defendants; and

    (b)    adjudications for individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their individual interests.

12.

The questions of law and fact common to the members of the Class predominate over questions affecting only individual Class members, and a class action is superior to other available means for the fair and efficient prosecution of this action.

13.

A class action will result in an orderly and expeditious administration of this controversy because it will result in an orderly and expeditious administration of the Plaintiff's and the Class members' claims, and it will save the Court and the parties economies of time, effort, and expense, as well as assure uniformity of decisions.

## RELEVANT FACTS

15.

On February 13, 2005, Plaintiffs and the putative class members were passengers on the AMRTAK passenger train which departed from New Orleans, Louisiana at 1:45 pm and traveled northbound to Chicago, Illinois.

16.

At approximately 3:35 pm the train struck a pick-up truck at the site where Louisiana Highway 51 and the railroad tracks intersected.

17.

As a result of the collision between truck and train, Plaintiff and the putative class members suffered bodily injuries.

18.

At all times relevant, Defendants are and were responsible and liable for the safety of Plaintiff and the putative class members. The responsibilities of Defendants include, but are not limited to, the safe and proper operation of the passenger train, the safe and proper maintenance of the railroad track, the safe and proper maintenance of Louisiana Highway 51, the safe and proper maintenance of adequate warning devices, and other such particulars.

19.

At all times relevant, Defendants are and were jointly, solidarily and severally liable.

4

## NEGLIGENCE
### 20.

Plaintiff repeats and realleges the allegations contained above, as if fully set forth herein.

### 21.

With regard to the averments above, Defendants were negligent in:

a.) allowing the train to travel at an excessive speed;

b.) failing to complied with LSA-R.S. 32:168 to 176, which codifies Louisiana's statutory requirements for railroad crossings, including, but not limited to Louisiana's requirement that the train provided an audible warning before crossing roads such as Louisiana Highway 51 and Louisiana's statutory requirements for erecting and maintaining "Railroad Crossing Buck" signs, signal devices, crossing gates, and/or other warning devices;

c.) failing to properly maintained the railroad track so as to provide a safe crossing with an unobstructed line of sight;

d.) failing to properly maintained Louisiana Highway 51 so as to provide a safe road with an unobstructed line of sight;

e.) failing to alleviate the "dangerous trap" created by the intersection of the railroad track and Louisiana Highway 51; and

f.) any other act of negligence identified through discovery and to be proven at trial.

### 22.

As a direct and proximate result of Defendant's negligence, and of Defendant's actions, omissions, negligence, recklessness, carelessness, willfulness and/or wantonness, Plaintiff was and is harmed as aforesaid.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Marguerite victor prays that Defendants respectfully requests that this Court enter judgment in his favor against Defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a/ AMTRAK, LOUISIANA DEPARTMENT OF

TRANSPORTATION AND DEVELOPMENT, and JOHN DOE #1 be cited to appear and answer the foregoing Petition and that, after due proceedings, a class consisting of "all persons who were passengers on the Amtrak passenger train departing from New Orleans, Louisiana at 1:45 pm on February 13, 2005 and traveling northbound to Chicago, Illinois" be certified; a judgment in favor of Plaintiffs Rene Chisolm, Charlotte Johnson and the putative class members be entered against said Defendants jointly, solidarily and severally, for those damages that may be reasonable in the premises, judicial interest from the earliest date as provided by law, all costs of these proceedings, attorney's fees and penalties, and all other relief as may be reasonable in the premises. Plaintiff also respectfully requests a trial by jury on all issues.

Respectfully submitted,

_____
Richard J. Fernandez, LSBA #5532
3900 N. Causeway Boulevard, Suite 650
Metairie, Louisiana 70002
(504) 834-8500

**PLEASE SERVE**
NATIONAL RAILROAD PASSENGER CORPORATION d/b/a/ AMTRAK
via the Louisiana Long-Arm Statute (LSA-R.S. 13:3201)
60 Massachusetts Avenue, NE
Washington, D.C. 20002

LOUISIANA DEPARTMENT OF TRANSPROTATION AND DEVELOPMENT
via the Louisiana Secretary of Transportaion and Development
Johnny B. Bradberry
1201 Capitol Access road, Room 3020
Baton Rouge, Louisiana 70804-9245

JOHN DOE #1

6

Form: 101                            CITATION                                    DTM

148

|                                          |                                      |
|------------------------------------------|--------------------------------------|
| CHISOLM, RENE                            | No: 2005-000589    Div: A            |
| VERSUS                                   | 21st Judicial District Court         |
| NATIONAL RAILROAD PASSENGER CORPORATION  | Parish of Tangipahoa                 |
|                                          | State of Louisiana                   |

To: LOUISIANA DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
    VIA THE LOUISIANA SECRETARY OF TRANSPORTATION & DEVELOPMENT
    JOHNNY B BRADBERRY
    1201 CAPITOL ACCESS ROAD, ROOM 3020
    BATON ROUGE, LA  70804-9245


Parish of EAST BATON ROUGE

   YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney ____RICHARD J FERNANDEZ____ and was issued by the Clerk of Court on the 24 day of February, 2005.


Pleading Served
CLASS ACTION PETITION FOR DAMAGES             Deputy Clerk of Court for
                                              Julian E. Dufreche, Clerk of Court

---

SERVICE INFORMATION

Received on the __3__ day of __March__, 20_05_ and on the __3__ day of __March__, 20_05_ served the above named party as follows:

PERSONAL SERVICE on the party herein named __DOTD Legal__

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.


RETURNED:
PARISH OF _____ this _____ day of _____ 20___.


SERVICE   $_____                    BY: _____
MILEAGE   $_____                         Deputy Sheriff
TOTAL     $_____

EXHIBIT B

PREPAID

SCANNED

[ Original Copy ]