UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENE CHISOLM, ET AL. | CIVIL ACTION |
| v. | NO. 05-0942<br>c.w. 05-0945<br>and 06-487 |
| NATIONAL RAILROAD PASSENGER CORP.<br>d/b/a AMTRAK, ET AL. | SECTION "F" |
| | This order applies to all cases. |

ORDER AND REASONS

Before the Court are two motions to remand. For the reasons that follow, the motions are GRANTED and all these consolidated cases are hereby remanded to the 21st Judicial District Court for the Parish of Tangipahoa.

Background

On February 13, 2005, an Amtrak train collided with a pickup truck in Roseland, Louisiana at the grade crossing on Tangipahoa Avenue[1] in Tangipahoa Parish. All of the truck's occupants were killed. And at least two of the train's passengers say that they were also injured. Various wrongful death suits have been filed, including three that have been removed to this Court by Amtrak.

---

[1] Tangipahoa Avenue is owned and maintained by the Town of Roseland.

1

Two cases were consolidated with a third case that was removed (a case filed by injured train passengers in state court). A description of each case follows:

    A.   The <u>Distefano</u> Suit

The <u>Distefano</u> plaintiffs, the mother and father of one of the decedents, filed this wrongful death lawsuit in state court against: the owner and the operator of the railroad crossing, Illinois Central Railroad Company ("ICCR"); the State of Louisiana, through its Department of Transportation and Development (DOTD); the Tangipahoa Parish Government; and the City of Roseland.

On January 30, 2006, ICCR filed a third party complaint against Amtrak, the owner and operator of the train involved in the accident. On January 31, 2006, Amtrak removed the lawsuit to this Court, invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On March 28, 2006, the <u>Distefano</u> plaintiffs' claims against ICCR and Amtrak were dismissed. The plaintiffs now move to remand the only remaining claims, which are state law claims, to state court.

The <u>Distefano</u> plaintiffs seek remand so that this case may be consolidated in the state court with another wrongful death suit against the same defendants arising out of the same accident, entitled <u>Peggy Distefano v. Parish of Tangipahoa and Town of Roseland</u>, Docket No. 2005-0003752, which is currently pending in

the 21st Judicial District Court for the Parish of Tangipahoa.

B.  The Hurley Suit

Deanna Hurley, mother of two of the decedents who were passengers in the pickup truck, sued Amtrak, the Canadian National Railway, the DOTD, Randy Griffith, Raymond Langhauser, Imperial Fire and Casualty Insurance, and the Estate of Cristopher Crowe.[2]

On April 10, 2006, Deanna Hurley filed an amended complaint, which omitted Amtrak, Langhauser, and Griffith as parties and instead leaving her wrongful death claims to ICRR, the Town of Roseland, the DOTD, and Tangipahoa Parish.[3]

C.  The Chisolm Suit

The third case consolidated with the Distefano and Hurley actions is Chilsolm, et al. v. Amtrak, et al., case number 05-0942. In this suit, Renee Chisolm and Charlotte Johnson filed suit against Amtrak, the DOTD, and John Doe, claiming to be passengers on the Amtrak train who were injured when the train collided with the pickup truck.  They assert class action allegations in their complaint, but this Court granted Amtrak's motion to strike the class action allegations on July 29, 2005.  In mid-December 2005, the Chisolm plaintiffs dismissed their claims against Amtrak and

---

[2] Imperial Fire and Casualty Insurance and the Estate of Christopher Crowe were dismissed on August 1, 2005.

[3] On June 1, 2006, at the parties' request, the Court formally dismissed Hurley's claims against Amtrak, ICRR, Langhauser, and Griffith.

expressly reserved their claims against the DOTD.

The <u>Chisolm</u> plaintiffs, proceeding pro se, have not sought to remand their case to state court.

D.   The <u>Distefano</u> and <u>Hurley</u> Motions to Remand

As noted, Amtrak removed all three lawsuits pursuant to 28 U.S.C. § 1331 by virtue of 28 U.S.C. § 1349 because Amtrak is federally chartered and because more than half of Amtrak's capital stock is owned by the United States of America.[4]  Amtrak is no longer a party to any of the lawsuits.  The <u>Distefano</u> and <u>Hurley</u> plaintiffs now seek to remand their claims to state court.[5]  The DOTD opposes remand.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  <u>See</u> <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir.), <u>cert. denied</u>, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are

---

[4] Amtrak, not originally named in the <u>Distefano</u> action, was brought into the action when ICCR filed a third party complaint against Amtrak.  Amtrak removed the entire action to this Court, based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of § 1349.

[5] Because Amtrak is no longer a party to these cases, the Court requested, and the parties submitted, supplemental briefs as to the effect of Amtrak's dismissal, if any, on this Court's decision as to whether to remand.

construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

Determining whether to exercise or decline supplemental jurisdiction over the state law claims sharply focuses the discretion of this Court. Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989). The general rule of this Circuit is "to dismiss state claims when the federal claims to which they are pendent have been dismissed," Parker & Parsley Petroleum v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992), but this rule is not mandatory. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7 (1988). To decide, the Court is guided first by the text of 28 U.S.C. § 1367(c), which provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim...if:
>
> 1. the claim raises a novel or complex issue of State law,
> 2. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> 3. the district court has dismissed all claims over which it has original jurisdiction, or
> 4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court must also consider the values of judicial economy, convenience, fairness, and comity in exercising its discretion. Carnegie-Mellon Univ., 484 U.S. at 350-51; United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

### III.

The balance of the relevant factors weighs in favor of declining to exercise supplemental jurisdiction. The Court has dismissed Amtrak, the only party providing this Court with subject matter jurisdiction.[6] Thus, the general rule that the Court should decline to hear pendent state law claims, while not mandating remand, supports an inclination to remand these consolidated cases.

Furthermore, the values of judicial economy, convenience, fairness, and comity (federalsim) would be better served by remand than by this Court's exercise of supplemental jurisdiction. The Court agrees with the plaintiff (and the DOTD does not contest) that there has not been a significant investment of judicial resources in the federal forum. Indeed, pre-trial preparation has been largely limited to dealing with the issue of jurisdiction and remand.[7] The Court is not aware of any significant discovery that

---

[6] The remaining defendants are a Louisiana agency, a Louisiana Parish, a Louisiana town, and the Illinois Central Railroad.

[7] In January 2006, the Court entered a Scheduling Order, setting a December 4, 2006 jury trial date for all three cases.

has taken place[8] or any other diligent efforts at resolution of the merits of the suit.  No dispositive motions have been decided.

The DOTD urges the Court to exercise its supplemental jurisdiction because the Chisolm plaintiffs have not sought remand and, therefore, that case, it is argued, will proceed here.  But duplicative litigation should be avoided whenever possible.  That is a well-grounded national policy.  Regardless of this Court's decision to remand the Distefano and Hurley cases, a lawsuit arising out of the same accident is currently pending in state court with which the Distefano and Hurley actions could be consolidated.  So, the judicial economy factor seems to rationally favor remand or is, at worst, neutral.  Moreover, the Court notes that the Chisolm lawsuit is in the same posture as Distefano and Hurley, and each of the factors favoring remand apply with full force to it, as well, supporting this Court's discretionary remand of these consolidated proceedings, including Chisolm.

Principles of comity, fairness, and convenience also favor remand, especially here because this federal litigation has not advanced beyond sorting out jurisdiction.  See Montegut v. Williams Communications, Inc., 109 F. Supp. 2d 496, 500 (E.D. La. 2000) (Barbier, J.).  Again, only state law claims remain; Amtrak has

---

[8] Only the plaintiffs address discovery, suggesting that only the plaintiffs' depositions have been taken and their testimony was limited to damages.  No discovery on the issue of liability has been conducted.

been dismissed from these consolidated cases. The Court also agrees that the plaintiffs' choice of forum should be respected and notes that most of the witnesses are primarily residents of Amite, which is the seat of the 21st Judicial District Court, where the lawsuits were originally filed.[9] Further, the Court notes that the values of fairness and convenience are advanced by this Court's decision to remand <u>Chisolm</u> along with <u>Distefano</u> and <u>Hurley</u> so that all of the state law claims arising out of this accident in Tangipahoa Parish can be resolved by the state court there, where each of these cases were originally filed. No argument against remand favors <u>Chisolm</u> over the other two cases.

Absent any remaining federal claims, or any justification stemming from judicial economy concerns, or issues of convenience or fairness to the litigants, the Court finds that it need not retain the remaining state law claims and, thus, declines to exercise its supplemental jurisdiction.

Accordingly, the plaintiffs' Motions to Remand are hereby

---

[9] In a further attempt to address the DOTD's concern that the <u>Chisolm</u> case will remain here in federal court even when <u>Distefano</u> and <u>Hurley</u> are remanded, the Court notes as follows: The <u>Chisolm</u> plaintiffs have failed to file initial disclosures, have not conducted or participated in discovery, and have not appeared for the two preliminary conferences after the cases were consolidated. Nor have they filed any motions (including that they failed to file an opposition to a motion to strike their class allegations, which this Court granted). The Court takes this into account in evaluating "fairness"; that is, it would not be fair to force the <u>Distefano</u> and <u>Hurley</u> plaintiffs to continue litigating in this forum solely because two pro se plaintiffs failed to timely file a motion to remand.

GRANTED and these consolidated cases, including Civil Actions 05-942, 05-945, and 06-487, are hereby remanded to the 21st Judicial District Court for the Parish of Tangipahoa.

New Orleans, Louisiana, June 5, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE